JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID T. LASHGARI, et al., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM J. BRATTON, et al., <br><br> Defendants. | Case No. CV 04-3322-SJO (OP) <br><br> ORDER RE: DISMISSAL OF CIVIL RIGHTS COMPLAINT FOR FAILURE TO PROSECUTE |

## I.
## **PROCEEDINGS**

On May 11, 2004, David T. Lashgari and Marje H. Lashgari ("Plaintiffs"), filed a <u>pro se</u> Civil Rights Complaint pursuant to 42 U.S.C. § 1983, after being granted leave to proceed <u>in forma pauperis</u>. On August 16, 2005, Plaintiffs filed a First Amended Complaint ("FAC"). On June 7, 2006, the Court issued an order dismissing the FAC with leave to amend. On August 23, 2007, after not having received the Second Amended Complaint ("SAC"), the Court issued an order dismissing the FAC for failure to prosecute.

On August 29, 2008, the Court vacated the order dismissing the FAC and ordered Plaintiffs to file a SAC on or before October 31, 2008. On January 27, 2009, the Court issued an Order to Show Cause ("OSC") no later than February 20, 2009, why this case

should not be dismissed for failure to prosecute. The Court expressly admonished Plaintiffs that their "failure to file a Second Amended Complaint by February 20, 2009, shall result in the Court recommending that this action be dismissed for failure to prosecute and/or failure to comply with a court order."

To date, Plaintiffs have not filed their SAC, have not requested an extension of time to do so, have not otherwise responded to the OSC, and their time for doing so has expired. For the reasons set forth below, the Court dismisses the FAC without prejudice due to Plaintiffs' failure to prosecute.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Here, Plaintiffs have failed to file a SAC or request an extension of time to do so despite advisements that failure to do so could lead to the dismissal of the action for failure to prosecute. Plaintiffs' conduct hinders the Court's ability to move this case toward

1  disposition and indicates that Plaintiffs do not intend to litigate this action diligently. Thus,
2  the first two factors weigh in favor of dismissal.

3  Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff
4  unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th
5  Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third
6  factor also weighs in favor of dismissal.

7  It is a plaintiff's responsibility to move a case toward a disposition at a reasonable
8  pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d
9  648, 652 (9th Cir. 1991). Plaintiffs have not discharged this responsibility. In these
10 circumstances, the public policy favoring resolution of disputes on the merits does not
11 outweigh Plaintiffs' failure to file their SAC. Thus, the fourth factor weighs in favor of
12 dismissal.

13 Finally, the Court attempted to avoid dismissal by granting Plaintiffs additional time
14 to file their SAC and by again advising them that failure to do so could lead to the dismissal
15 of the action for failure to prosecute. Plaintiffs have not filed their SAC, have not requested
16 an extension of time to do so, and have not otherwise communicated with the Court. Thus,
17 the fifth factor weighs in favor of dismissal.

18 Based on the foregoing, the Court concludes that dismissal of the FAC due to
19 Plaintiffs' failure to prosecute is warranted.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /

## III.

## **ORDER**

IT IS THEREFORE ORDERED that the First Amended Complaint is hereby dismissed without prejudice for failure to prosecute.

DATED: 4/24, 2009

_____
HONORABLE S. JAMES OTERO
United States District Judge

Presented by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge